DocuSign Envelope ID: B9155D46-146E-44D7-9E73-098598519358

# FIRST AMENDMENT
## TO
## PURCHASE AND SALE AGREEMENT

THIS AMENDMENT (the "Amendment"), dated as of the 15th day of June, 2018, amends that certain Purchase and Sale Agreement, dated the 31st day of May, 2018, for the purchase and sale of the M/Y "G-Force," a 2006 Caison 64 (USCG: 1178391 | HIN: CYE00002J506), hereinafter the "Yacht," hereinafter the "Purchase Agreement" made and entered between BILL KELLER, as BUYER on the Purchase Agreement, and G-FORCE SPORTFISHING, INC., a Delaware corporation, as SELLER on the Purchase Agreement, pursuant to the provisions of Paragraph 16B of the Purchase Agreement:

I.   Paragraphs 3 and 4 shall be deleted in their entirety and replaced with the following:

3.   **SURVEY:** The BUYER may have the Yacht surveyed at his expense, to verify the condition of the Yacht, to verify the condition of the Yacht and the accuracy of the attached inventory.

A.   The SELLER agrees that the BUYER or his agents may examine the Yacht and inventory in a nondestructive manner.

B.   Short Haul:

i.   The SELLER may stipulate at which boatyard, or ramp, he is willing to have the Yacht hauled for survey and agrees that delivery to and from the boatyard or ramp, for survey, which he hereby authorizes, and which is agreed to be at the SELLER's sole risk and expense.

ii.   All costs for survey are at the BUYER's expense.

C.   Engine:

i.   The BUYER may inspect the engines of the Yacht to include compression checks and the level of disassembly required to accomplish the same.

ii.   The costs for engine survey are at BUYER expense.

D.   Sea Trial:

i.   The BUYER may conduct a Sea Trial of the Yacht.

ii.   All cost for sea trial are at BUYER expense.

E.   The SELLER agrees that the BUYER or his agents may examine any and all parts of the Yacht and inventory in a nondestructive manner and may conduct any type of survey of the BUYER'S choice.

F.   The SELLER agrees that he or his agents will make the complete inventory of the Yacht, as described in the attached document, available on the Yacht for the SURVEY.

G.   The SELLER agrees that he or his agents will make available all maintenance logs and records of the Yacht for the SURVEY.

H.   The BUYER agrees that the surveyor(s) shall be employed by the BUYER.

II.   Paragraph 4 is now RESERVED.

First Amendment to Purchase and Sale Agreement

Exhibit C

DocuSign Envelope ID: B9155D46-146E-44D7-9E73-098598519358

III. Paragraph 5 shall be changed as follows:

    5.  The Buyer shall notify the SELLING BROKER of his acceptance of the YACHT and inventory, his rejection of the YACHT, or his intention to request repairs or a price adjustment for same, no later than five o'clock P.M. local time on <u>July 6, 2018</u>, if said notice has not been timely received, the BUYER shall be deemed to have accepted the YACHT and inventory in its present condition, subject to the terms, if any, of paragraph #8.

IV. Paragraph 7 shall be changed as follows:

    7.  The "closing" on this sale shall take place on or before <u>July 9</u>, 20<u>18</u> at <u>Five</u> o'clock <u>PM</u>, local time, at the office of <u>RT 113 Boat Sales</u>. The closing on the sale shall be deemed completed when:

        A.  All documents necessary to transfer good and absolute title to the YACHT have been received by the BUYER or by the SELLING BROKER on behalf of the BUYER; and

        B.  SELLER provides a Due Diligence Letter as to the status of the SELLER and its shareholders; and

        C.  The balance of the SELLING PRICE is paid in certified or collected funds to the SELLER, or to the SELLING BROKER for transmittal to the SELLER; and

V.  Paragraph 9 shall be changed as follows:

    3.  The SELLER warrants and/or agrees as follows:

        C.  To deliver the YACHT and its inventory as accepted in Paragraph #5, on or before <u>July 9</u>, 20<u>18</u>, at <u>Sunset Marina</u>.

        G.  To hold harmless and defend the BUYER and BROKERS against any and all claims arising out of or in connection to the SELLER and its shareholders. SELLER will notify BUYER within five (5) days of any suit filed against the SELLER or its shareholders that may affect the BUYER's receipt, use and possession of the YACHT including good and absolute title thereto; and to assume all costs incident to defending BUYERS and BROKERS against such claims including their reasonable attorney's fees.

VI. The Following additional terms are hereby added to Paragraph 16 and incorporated into the Purchase Agreement:

    16. This Agreement shall:

        F.  SELLER consents and acknowledges that this agreement is freely assignable by BUYER to any individual or entity, foreign or domestic, of their choosing.

        G.  If SELLER has traveled to Mexico with Yacht and has a Mexico Temporary Import Permit, hereinafter "MTIP", SELLER agrees to and is responsible, at SELLER's expense, to cancel the MTIP and to provide proof before Closing.

First Amendment to Purchase and Sale Agreement

H. SELLER acknowledges that BUYER may need to secure various licensed surveyors, as required by US and Foreign registries. In the event Survey and Sea Trial analysis is not satisfactorily completed prior to ACCEPTANCE, upon election of BUYER, at his sole discretion, SELLER consents to extend ACCEPTANCE DATE by ten (10) days.

I. In the event the BUYER, at his sole discretion, desires to have financing for this sale, BUYER shall obtain said financing prior to CLOSING. If financing is chosen by BUYER, then BUYER's obligations under this Agreement are contingent upon Buyer obtaining financing. BUYER represents that he will arrange financing, however, in the event that BUYER is unable to obtain financing, this Agreement will be deemed terminated under the terms of Section 4 of this Agreement.

J. Closing is contingent on approval of BUYER's insurance company is received prior to ACCEPTANCE, based on the results of the Survey and Sea Trial, or based on the completion of repairs/improvements required by the insurance company. In the event that BUYER is unable to obtain approval from insurance company, this Agreement will be deemed terminated.

K. SELLER will furnish to BUYER payoff amounts of all liens/lien holders at the time of Seller's acceptance. List will include name, amounts and point of contact for each lien. 5 days prior to closing, Seller will provide confirmation from each lien holder that they agree to the terms of the sale and a closing statement, signed by each lien holder, showing the disbursements of the sale proceeds. At the Request of BUYER, SELLER will secure executed lien releases prior to closing.

VII. The signatory for SELLER in the Purchase Agreement is hereby changed to /S/ Melissa Obetz, as President of G-Force Sportfishing, Inc. Any initials on Purchase Agreement pages are hereby changed to MO.

VIII. All provisions of the Agreement not expressly amended hereby shall remain unmodified and unamended hereby and the Agreement, as amended by this First Amendment to Purchase and Sale Agreement, shall continue in full force and effect in accordance with the terms of the Agreement. Defined terms used herein and not defined herein shall have the meaning attributed thereto in the Agreement.

IX. This Amendment may be executed in any number of counterparts, each of which counterparts, when so executed and delivered, shall be deemed to be an original, and all of which counterparts, when taken together, shall constitute but one and the same Amendment. A faxed signature shall be deemed as effective as an original signature.

**[SIGNATURES BEGIN ON FOLLOWING PAGE, SPACE BELOW LEFT INTENTIONALLY BLANK]**

DocuSign Envelope ID: B9155D46-146E-44D7-9E73-098598519358

IN WITNESS WHEREOF, THE PARTIES HERETO HEREBY CERTIFY THAT THEY HAVE READ AND UNDERSTAND EACH AND EVERY PROVISION OF THE FOREGOING AMENDMENT, AND THAT THEY HAVE EXECUTED THIS AMENDMENT AS THEIR OWN FREE ACTS ON THE DAY AND YEAR FIRST WRITTEN BELOW:

Dated this 15<u>th</u> day of June, 2018.

As to Seller                                        As to Buyer

G-FORCE SPORTFISHING, INC.              BILL KELLER

By: _____          By: _____

Melisa Obetz                                    Mr. Bill Keller
President
G-Force Sportfishing, Inc.